UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | * |
| | * |
| **REIMERS SYSTEMS, INC.**, | *   **Case No. 14-14603-BFK** |
| | *   **Chapter 7** |
| Debtor. | * |

**TRUSTEE'S MOTION FOR AUTHORITY TO (I) SELL PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND (II) ASSUME AND ASSIGN <u>CONTRACTS FOR WEBSITE AND WEB ADDRESSES</u>**

DONALD F. KING, CHAPTER 7 TRUSTEE ("**Trustee**"), by counsel, files this motion ("**Motion**") pursuant to 11 U.S.C. §§ 363 and 365, for authority to (i) sell the estate's interest in certain personal property of the debtor, Reimers Systems, Inc. ("**Debtor**"), free and clear of liens, and (ii) assume and assign the estate's interest in contracts for the Debtor's website and web addresses, and in support of this Motion states as follows:

1. This case was commenced by the Debtor's filing of a voluntary petition on December 11, 2014 ("**Filing Date**").

2. Trustee is the duly appointed chapter 7 trustee in this case.

3. The Debtor was engaged in the global business of manufacturing, installing, and maintaining hyperbaric and hypobaric systems. According to the Debtor's website, the Debtor was founded in 1994 and provided high-quality hardware solutions for man-rated hyperbaric and hypobaric applications, with

---

**ALEXANDER M. LAUGHLIN, ESQUIRE  (VSB No. 23237)**
**LAUREN FRIEND MCKELVEY, ESQUIRE (VSB No. 78813)**
Counsel for Trustee
**ODIN FELDMAN & PITTLEMAN PC**
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone:   703-218-2100
Fax:       703-218-2160
Alex.Laughlin@ofplaw.com
Lauren.McKelvey@ofplaw.com

special emphasis on medical hyperbaric applications. The website further states that, over the past several decades, the Debtor emerged as an industry leader in the design and construction of hyperbaric and hypobaric facilities, both domestically and internationally, and performed the majority of the design and construction work for the U.S. Department of Defense for its medical hyperbaric facilities.

4. The Trustee concluded that he will be able to maximize the value of the bankruptcy estate by selling certain of Debtor's personal property. Accordingly, on January 23, 2015, the Trustee filed an application to employ Auction Markets, LLC ("**Auction Markets**"). The Court entered an Order authorizing the employment of Auction Markets on January 30, 2015.

### Property to be Sold and Assigned

5. Among the assets of the bankruptcy estate are intellectual property, intangible assets, computer equipment, a website domain name, customer records and vendor records (collectively, "**Property**") situated in the Debtor's location at 8210-D Cinder Bed Road, Lorton, Virginia, all of such Property being set forth in and more particularly identified in Schedule A to the Asset Purchase Agreement ("**APA**"), attached to this Motion as Exhibit 1.

### Terms of Sale

6. The Trustee seeks authority to sell all of the Debtor's bankruptcy estate's right, title, and interest in and to the Property (APA § 1) in "AS IS, WHERE IS" condition (APA § 3.3), subject to the terms and conditions of the APA. The terms of sale are fully set forth in the attached APA.

7. <u>Purchase Price</u>: $73,000.00 (APA § 2), subject to higher and better offers (APA § 11).

8. <u>Buyer</u>: PCCI, Inc. or their designated assignee ("**Buyer**"). Stephen D. Reimers, P.E., (**"Mr. Reimers"**) is a Senior Program Manager – Hyperbaric Systems employed by the Buyer.  Ramesh Dixit (**"Mr. Dixit"**) is also employed by the Buyer.  Mr. Reimers was a principal of the Debtor and is the Debtor's appointed designee with insider knowledge of the Debtor and the Property. Mr. Dixit was a program manager of the Debtor with insider knowledge of the Debtor and the Property. (APA § 3.2.4)

9. <u>Sales Agent:</u>  Auction Markets. (APA § 9.)  The Trustee seeks authority to pay Auction Markets, in accordance with the terms of its employment application, a commission of 10% of the final purchase price for the Property and reimbursement of its reasonable expenses not to exceed $4,500 from the proceeds of the sale of the Property, without further order of the Court.

**Good Faith Purchaser**

10. The Trustee requests that the Court find that the Buyer is qualified to purchase the Property and does so  in good faith within the meaning of Bankruptcy Code § 363(m). Buyer has not colluded with or been given special treatment by the Trustee. The terms of the sale and the APA were the product of arms-length good faith negotiations. Therefore, Buyer is a good faith purchaser under Bankruptcy Code § 363(m) and entitled to the protections of that section.

**Sale Free and Clear of Liens**

11. The following entities have asserted liens against the Property: (a) Branch Banking and Trust Company of VA, with a claim of $21,279.28 plus interest and attorney's fees accrued and accruing; (b) Direct Capital Corporation by Corporation Service Company, as Representative, with a claim of $53,167.48; and (c) the United States Internal Revenue service, with a claim of $55,143.53. The Trustee seeks authority to sell the Property free and clear of the foregoing liens with consent of the lienholders. If the Trustee is unable to obtain the consent of each of the lienholders prior to the hearing on this Motion, the Trustee will seek to sell the Property free and clear of their liens under another subsection of § 363(f) of the Bankruptcy Code.

12. Mintaka Financial, LLC ("**Mintaka**") has also asserted a lien against certain personal property, which property is not included in the Property to be sold or otherwise addressed in this Motion. Moreover, the Debtor has informed the Trustee that Mintaka's lien is not properly asserted against the Debtor. The Trustee does not believe that Mintaka's putative lien is relevant to the current sale, but is serving it with a copy of this Motion in an abundance of caution. If necessary, the Trustee will seek to sell the Property free and clear of Mintaka's putative lien because such lien is in *bona fide* dispute or under another subsection of § 363(f) of the Bankruptcy Code.

**Assumption and Assignment of Web Address and Domain Name**

13.    Among the Property to be sold are the Debtor's website and web addresses. (APA at Schedule A.) Accordingly, the Trustee seeks authority to assume and assign to the Buyer all of the Debtor's contracts for its website and web addresses with Brandon Gray Internet Services Inc. (dba "NameJuice.com") pursuant to § 365 of the Bankruptcy Code.  The Trustee has not made a determination as to the executory nature of these contracts, and reserves the right to argue that they are not executory.

**Time of the Essence; Waiver of 14 Day Stays in Rule 6004(h) and 6006(d)**

14.    In order to minimize administrative rent claims against the estate, the Trustee requires that the sale of the Property close no later than February 27, 2015, and sooner if possible. (APA §§ 6.1.1. and 6.1.2.) Accordingly, the Trustee is contemporaneously requesting an expedited hearing on this Motion and requests that the Court waive the 14 days stays of its Order set forth in Bankruptcy Rules 6004(h) and 6006(d).

WHEREFORE, the Trustee, by counsel, requests that the Court enter an Order (i) authorizing the sale of the Property free and clear of liens, claims and encumbrances, pursuant to 11 U.S.C. § 363(f), to Buyer or a higher and better bidder, (ii) authorizing the Trustee to assume and assign contracts for Debtor's website and web addresses to Buyer or a higher and better bidder; (iii) granting the Buyer or highest and best bidder, as applicable, the protections provided to a

good faith purchaser under 11 U.S.C. § 363(m); (iv) authorizing the Trustee to pay Auction Markets' commission and expenses from the proceeds of sale, without further order of the Court; (v) authorizing the Trustee to pay lienholders an agreed amount for their liens against the Property, without further order of the Court; (vi) waiving the 14 days stays of its Order set forth in Bankruptcy Rules 6004(h) and 6006(d); (vii) authorizing the Trustee to take all actions necessary and reasonable to consummate the sale; and (viii) granting such other and further relief as it may deem necessary or appropriate.

.

        Respectfully submitted,

        **DONALD F. KING, TRUSTEE**

        By counsel

**By:**     */s/Lauren Friend McKelvey*
      **Alexander M. Laughlin, Esquire (VSB No. 23237)**
      **Lauren Friend McKelvey, Esquire (VSB No. 78813)**
      **Counsel for Trustee**
      **ODIN FELDMAN & PITTLEMAN PC**
      **1775 Wiehle Avenue, Suite 400**
      **Reston, Virginia 20190**
      **Phone: 703-218-2100**
      **Fax:**    **703-218-2160**
      **Alex.Laughlin@ofplaw.com**
      **Lauren.McKelvey@ofplaw.com**

#2614649v1